IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

GERARDO HERNANDEZ,
REG. #11205-031                                                                                          PLAINTIFF

VS.                              CASE NO.2:09CV00134/JTK

UNITED STATES OF AMERICA                                                                  DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District
     Judge (if such a hearing is granted) was not offered at the
     hearing before the Magistrate Judge.

1

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

This matter is before the Court on the Defendant's Motion to Dismiss (Doc. No. 23). By Orders dated July 6, 2010, and August 13, 2010, this Court granted Plaintiff's motions for extension of time in which to respond to the motion (Doc. Nos. 28, 31). As of this date, Plaintiff has not filed a response to the Motion.

Plaintiff is a federal inmate incarcerated at the Federal Correctional Institution (FCI), Forrest City, Arkansas. He initially filed his complaint as a federal civil rights action naming several individuals as defendants. However, following the filing of an amended complaint, the Court construed his action as one against the United States of America, pursuant to the Federal Tort Claims Act (FTCA). The individual defendants were dismissed by Order dated April 7, 2010 (Doc. No. 17), and the United States of America was substituted as the proper party defendant.

In his amended complaint, Plaintiff alleges while incarcerated he was deprived of his property without due process of law when the property was negligently taken from him.

Specifically, Plaintiff appears to claim employees at FCI failed to stop payment on a check drawn from Plaintiff's prison account.

## II. Motion to Dismiss

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 1964-5 (2007) (overruling Conley v. Gibson, 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face. Twombly, supra, 127 S.Ct. at 1960. See also Robbins v. Oklahoma, 2008 WL 747132 (10th Cir. March 21, 2008).

Defendant states Plaintiff's complaint should be dismissed for failure to state a claim. Pursuant to the FTCA, the substantive law of the state governs Plaintiff's claim of negligence in this matter. 28 U.S.C. §1346(b).[1] See also Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008). Pursuant to Arkansas law, Defendant states it is not negligent for failing to stop payment on a check in a timely manner, citing A.C.E., Inc., v. Inland Mortgage Co., 333 Ark. 232, 969 S.W.2d 176

---

[1]The statute provides, "[T]he district courts,...shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages,...for injury or loss of property,...caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred**." Emphasis added.

(Ark. 1998), (where the Arkansas Supreme Court stated the Defendant's alleged negligence in failing to timely stop payment on a check did not "inure to the Plaintiff's benefit."), and Ark. Code Ann. §4-3-406 (Repl. 1997).

Absent a response from Plaintiff, and in light of the clearly-established law, the Court finds Defendant's Motion should be granted.

### III. Conclusion

IT IS, THEREFORE, ORDERED that Defendant's Motion to Dismiss (Doc. No. 23) is hereby GRANTED, and Plaintiff's complaint against Defendant is DISMISSED with prejudice.

IT IS SO ORDERED this 8th day of September 2010.

_____
United States Magistrate Judge